HARDY, Judge.
This is a suit for the recovery of property damage and personal injuries allegedly sustained by plaintiff by reason of an in-tersectional ' automobile collision resulting from the negligence ' of defendant. After trial there was judgment in favor of defendant rejecting plaintiff’sdemands, from which he has appealed.
The collision which is the basis of this suit occurred at the intersection of Amulet and Hedges Streets in the City of Natchit-oches. Plaintiff was driving his Ford pickup truck east along Amulet, a right-of-way street, when he collided with a logging truck of defendant’s assured, driven by one Joe Robinson, which was engaged in making a left turn from a northerly course on Hedges Street, to the west, on Amulet. Plaintiff contends that the driver of defendant’s truck neglected to stop at the intersection in accordance with law, attempted to make a left-hand turn at an excessive rate of speed and failed to observe the approach of plaintiff’s vehicle.
There were some nine or ten eye witnesses to the accident who testified on trial, *84 the stories of no two of which are in substantial agreement as to the material facts concerned.
Some few facts are conclusively established. At the southwest corner of the intersection of Hedges and Amulet Streets is located a building, housing a cleaning establishment, which unquestionably interferes with the view from either street in the direction of approach of the vehicles involved. At the time of the collision a truck, engaged in hauling cotton pickers, was either parked on Amulet Street immediately in front of the cleaning establishment or was temporarily stopped in this location, according to the testimony of its driver, preparatory to making a right-hand turn into Hedges Street. As Robinson turned to his left from Hedges into Amulet Street he was struck by plaintiff’s truck. It is apparent from the testimony that neither Robinson’s failure to stop at the intersection nor his rate of speed contributed to the occurrence of the accident. We think it clear that plaintiff, driving his truck partially across, that is, to his left of the center of Amulet Street, in order to clear the cotton pickers truck was guilty of a complete failure to observe the approach of defendant’s truck, and such omission was either the proximate or a contributing cause of the accident. This conclusion is substantiated by the testimony of plaintiff himself on direct examination as follows:
“So as I proceeded on and got almost into Hedges Street, well, this big truck just whipped right around the corner and Vic said look out and well, I tried to duck and you know, made an attempt to turn, well, it was too late. It was just like a flash of lightening (sic).”
On cross-examination plaintiff testified:
“Q. Well, James, when is the first time that you saw the truck being driven by Joe Robinson ?
“A. As he made the turn and hit me.
“Q. And where were you at that time?
“A. I was on Amulet just fixing to enter the intersection of Hedges Street when he whipped the corner.”
There is no testimony in the record which indicates that plaintiff made any effort in the nature of even a casual or ordinary attempt to look out for any possible approaching traffic on 'Hedges Street, despite the fact that the intersection was obviously rendered peculiarly dangerous by the location of a building to his right, and his action was further fraught with hazard because of his necessity of passing the cotton pickers truck, and, in doing so, crossing over the center of the street upon which he was traveling. Under these existing conditions there can be no question as to the conclusion that plaintiff was guilty of such negligence as effectively bars his right to recovery.
The judgment appealed from is affirmed at appellant’s cost.